# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01353-PAB-KLM

JO LYNN WOOD,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Foreign
Corporation Insurance Company;
HCA, INC. LIFE ACCIDENTAL DEATH AND DISMEMBERMENT PLAN, an ERISA
welfare benefit plan,

Defendants.

---

## STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER

---

Plaintiff and Defendants agree that certain medical records produced in discovery in this

case contain information that must be protected from further disclosure. In particular, the parties

may produce "Individually Identifiable Health Information" of the decedent, Mel Dinklage, that

is Protected Health Information under the Health Insurance Portability and Accountability Act of

1996 ("HIPAA"). The disclosure of such information may cause harm to the disclosing party or

to a third party. Both 45 C.F.R. § 164.512(e) and F.R.C.P. 26(c) provide for the issuance of a

protective order to limit the disclosure of such information. The Court finds good cause for entry

of this Stipulated ~~Proposed~~ Protective Order pursuant to that authority to provide such protection

according to the terms and conditions below.

IT IS HEREBY ORDERED that:

1.     This Protective Order governs the handling of all information or materials produced by or obtained from any party, directly or pursuant to authorization, in connection with the above-captioned action and designated as "Confidential" as set forth below, including, without limitation (a) documents (as defined as anything within the scope of Rule 34 of the Federal Rules of Civil Procedure and expressly including electronic documents), exhibits, answers to interrogatories, responses to requests for admissions, deposition transcriptions, and all written, recorded, graphic, or electronically-stored matters; (b) any identical and non-identical copies, notes, abstracts, excerpts, or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript, or other writing containing such information (collectively, "Information").

2.     Any party may designate as "Confidential" any Information that the party in good faith believes is Protected Health Information under HIPAA.  Designation of any Information as "Confidential" renders confidential any copies, excerpts, summaries, quotations, or paraphrases thereof.

3.     Information may be designated as "Confidential" as follows:

(a)     Any document containing such Information may be stamped or labeled "Confidential" or, when stamping or labeling is not practical, may be separately designated in writing by description or document identification number.  Information contained in answers to interrogatories or requests for admissions, or any other written discovery information, may be similarly designated in writing.

(b) Information contained in deposition testimony or documents disclosed at a deposition may be designated as "Confidential" either orally on the record or in writing within ten (10) business days after the transcript is made available to the designating party. All Information disclosed during a deposition shall be deemed "Confidential" until the expiration of that period, whether or not any portion has been so designated previously.

(c) If a witness at a deposition is examined concerning any document previously designated as "Confidential" and if any part of the examination discloses the contents of such document, the portion of the transcript containing such examination automatically shall be designated as "Confidential," and the party that produced the document shall not be required to make any designation on the record; and

(d) Information produced by a non-party in the course of this action may be designated as "Confidential" by the non-party or by a party to protect its own confidentiality rights with respect to the Information. Information produced by a non-party may be designated as "Confidential" by a party by written notice to the non-party and other parties within thirty (30) days of production.

4. All persons who gain access to Confidential Information are prohibited and enjoined from disclosing or using it except as specifically provided herein. Counsel and all other persons to whom Confidential Information is disclosed shall avoid misuse, loss, and/or unauthorized disclosure of Confidential Information.

5.     Except for witnesses identified in Paragraph 6, Confidential Information shall not be disclosed or communicated in any way to anyone other than the following persons to whom it is necessary that such Confidential Information be given for the purposes of this litigation:

    (a)     this Court and Court personnel in connection with this litigation;

    (b)     qualified court reporters taking testimony in this litigation;

    (c)     the named parties, and party personnel actively involved in or assisting in this litigation;

    (d)     outside counsel of record for any party, their associated attorneys and other employees of their law firms assisting in this litigation;

    (e)     third-party consultants and experts retained by any party or its attorneys of record in this litigation who have agreed, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of this Protective Order.

6.     Confidential Information may be used during depositions of party or non-party witnesses taken in this action, subject to the following conditions:

    (a)     Only persons authorized under paragraph 5 hereto may be in attendance at the portion of the deposition during which the Confidential Information is used; and

    (b)     If the witness is not the designating party or a representative of the designating party identified in Paragraph 5(c), (e), then the witness must agree on the record, or in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of this Protective Order.

7.     Any summary or abstract of any Confidential Information shall bear an appropriate legend and shall be subject to the terms of this Protective Order to the same extent as the Confidential Information summarized or abstracted.

8.     A party may object to the designation of particular Information as "Confidential" by giving written notice to the party designating the disputed Information. The written notice shall identify the Information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. In connection with a motion filed under this provision, the party designating the Information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed Information to be treated as "Confidential." If such a motion is timely filed, the disputed Information shall be treated as claimed by the producing party (i.e., "Confidential") under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, disputed Information sought to be treated as "Confidential" shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order.

9.     Nothing in this Protective Order shall be construed as an agreement to produce particular Information, as an admission of the discoverability, relevance, or admissibility of any particular Information, or as a waiver of any rights to object to the discovery or admissibility of Information or to seek additional protection from the Court. Nothing within this Protective Order shall prevent the parties hereto from stating additional objections to the production of

Confidential Information or asserting any other grounds that may exist to prevent disclosure of the Confidential Information sought.

10.     Whenever a party wishes to file with the Court any document, including pleadings, motions, and other papers, containing or revealing Information that any producing party has designated as Confidential Information, the filing party shall file under seal pursuant to F.R.C.P. 5.2(d) and shall file any such documents that are included in the producing party's filing in a sealed envelope.  Where possible, only those portions of filings with the Court that contain or reveal Confidential Information shall be filed under seal.

11.     Nothing in this Protective Order shall be deemed to restrict a party or non-party's use or disclosure of its own Confidential Information.  Such use or disclosure shall not waive the protections of this Protective Order and shall not entitle any other party, non-party, or their attorneys to use or disclose such Confidential Information, or the contents thereof, in violation of this Protective Order.

12.     Nothing herein shall prevent any of the parties from seeking further protection with respect to the use of any Confidential Information in connection with any trial in this litigation.

13.     Confidential Information shall only be used for purposes of the above-captioned action, including appeals.  If, however, Confidential Information in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have opportunity to seek such Confidential

Information by discovery request or compulsory process, including private parties, the receiving party to whom discovery request or the process is directed shall (a) by the second business day after receipt thereof give written notice by hand or facsimile of such discovery request or process, together with a copy thereof, to counsel for the producing party; (b) cooperate to the extent necessary to permit the producing party to seek to quash such discovery request or process; and (c) not make production or disclosure of such Confidential Information until the producing party consents in writing to production or the receiving party is ordered by a court to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

14. Within forty-five (45) days of the conclusion of this litigation by dismissal, final judgment and expiration of the time for appeal, disposition of appeal, or settlement accompanied by dismissal, Confidential Information produced in this litigation, including originals, copies, abstracts, or summaries thereof, shall be destroyed. In addition:

      (a)    If any Confidential Information has been furnished to a testifying or consulting expert, fact witness, or litigation-support provider, the attorney who furnished the Confidential Information, or the attorney for the party who furnished the Confidential Information, shall notify the recipient that all Confidential Information, including abstracts and summaries thereof, must be returned to the producing party within forty-five (45) days or, provided the receiving party certifies compliance in writing, destroyed;

      (b)    Upon request by the producing or designating party, counsel for each receiving party shall send to each producing or designating party a

certification of its compliance within the requirements of this provision; and

(c)     All briefs, pleadings, or other filings with the Court and attorneys' work product which incorporate or disclose Confidential Information may remain in the possession of the parties' litigation counsel and need not be destroyed, but shall be maintained in strict compliance with, and shall remain subject to, the terms and conditions of this Protective Order.

15.     After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, and any other person who has access to Confidential Information, pursuant to this Protective Order for enforcement of the provisions of this Protective Order unless and until this Protective Order is canceled or otherwise modified by Order of the Court.

16.     The entry of this protective order, or any conduct pursuant to this order, shall not be interpreted as a general waiver of privacy or confidentiality of the Protected Health Information produced in this case, any privilege that may attach or relate to such information, or otherwise permit the disclosure of Protected Health Information.

DATED *November 4 2008*

BY THE COURT:

_____
Kristen L. Mix
United States Magistrate Judge

**AGREED TO AS TO FORM AND SUBSTANCE**
**THIS 31ˢᵗ DAY OF OCTOBER, 2008:**


DAVIS GRAHAM & STUBBS LLP


s/ Victoria V. Johnson
_____

John A. Francis
Victoria V. Johnson
1550 Seventeenth St., Suite 500
Denver, CO 80202

Attorneys for Life, Accidental Death and Dismemberment Plan


GORDON & REES LLP


s/ Franz Hardy
_____

Franz Hardy
370 17ᵗʰ Street, Suite 4450
Denver, CO  80202

Attorney for The Prudential Insurance Company of America


JOHN ASTUNO, JR. LLC


s/ John Astuno, Jr.
_____

John Astuno, Jr.
1775 Sherman #1650
Denver, CO  80203

Attorney for Plaintiff Jo Lynn Wood

<u>**EXHIBIT A**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-01353-PAB-KLM

JO LYNN WOOD,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Foreign
Corporation Insurance Company;
HCA, INC. LIFE ACCIDENTAL DEATH AND DISMEMBERMENT PLAN, an ERISA
welfare benefit plan,

Defendants.

---

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

---

        I acknowledge that I have read and understand the Protective Order dated
_____, 2008, and agree to abide by its terms and conditions. I also understand
that any violation of said Protective Order by me or anyone acting under my direction may
subject me to penalties for contempt of Court and liability to parties or non-parties who have
designated information as "Confidential."

        Dated: _____

        Signature: _____

        Name (Print): _____

        Address: _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **STIPULATED PROPOSED PROTECTIVE ORDER** was served via **LexisNexis** e-file system on the 3rd day of November, 2008, addressed to the following:

John Astuno, Jr.
John Astuno, Jr. LLC
1775 Sherman #1650
Denver, CO  80203
norma6330@aol.com

Franz Hardy
Gordon & Rees LLP
370 17th Street, Suite 4450
Denver, CO  80202
fhardy@gordonrees.com

s/ Alyssa Knutson